IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JESUS HERRERA AND AMANDA HERRERA, EACH INDIVIDUALLY AND AS NEXT FRIENDS OF S.H.H., A MINOR CHILD | § § § § § | |
| Plaintiff | § § | Civil Action No. _____ |
| VS. | § § | |
| CHRYSLER, LLC, DAIMLERCHRYSLER COMPANY, LLC, AND DAIMLERCHRYSLER CORPORATION IN ITS ASSUMED OR COMMON NAME | § § § § § § | |
| Defendant | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW, Jesus Herrera and Amanda Herrera, each Individually and as Next Friends of S.H.H., a minor child Plaintiffs herein complaining of Defendants, Chrysler, LLC, DaimlerChrysler Company, LLC and DaimlerChrysler Corporation In Its Assumed Or Common Name (hereinafter referred as " The Chrysler Defendants") and for their cause of action would show the Court as follows:

### I. JURISDICTION & VENUE

1. The court has jurisdiction over this cause of action because it is a cause of action between citizens of Texas and Michigan. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. §1332 (a)(2).

2. Venue is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. §1391 (a)(1) in that venue is proper where "any defendant resides" and further that a defendant is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the cause of action is

commenced." Venue is also proper in this court in that all or a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Texas. 28 U.S.C. §1391 (a)(2).

3. Defendant has previously appeared in and defended one or more lawsuits in Texas in the Southern District containing allegations that a Chrysler vehicle manufactured by Defendant was defective and caused personal injury or death.

4. Defendants' contacts with the State of Texas, and in the Southern District are continuous and systematic, such that the court has general personal jurisdiction over Defendant.

5. Vehicles manufactured by Defendant are routinely sold in Texas through local dealers in Corpus Christi, Texas as well as national dealers doing business in the State of Texas.

6. Defendant purposely markets and sells its vehicles through distributors in Texas.

7. Accordingly, Defendant has purposefully availed itself of the privileges and benefits of conducting business in Texas.

8. Defendant's alleged liability in this case arises from or is related to the sale, distribution, and/or use of its vehicles in Texas.

9. The Court's exercise of personal jurisdiction over Defendant comports with due process.

10. Defendant is deemed to reside in the Southern District of Texas pursuant to 28 U.S.C. §1391 (a)(1)(c) in that it regularly conducts business in Corpus Christi, and is subject to personal jurisdiction in Corpus Christi, Texas.

## II.  PARTIES

11.     Plaintiffs Jesus Herrera and Amanda Herrera, each individually and as next friends of S.H.H. a minor child are Citizens of the State of Texas domiciled in Edna, Jackson County, Texas.  They bring suit herein in their individual capacity and as next friends of S.H.H. a minor child.

12.     Chrysler, LLC, is a citizen of Delaware, a foreign corporation incorporated in the State of Delaware doing business in the State of Texas and may be served with process by serving its registered agent for service of process, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

13.     DaimlerChrysler Company, LLC, is a citizen of Delaware, is a foreign corporation incorporated in the State of Delaware doing business in the State of Texas and may be served with process by serving its registered agent for service of process, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

14.     DaimlerChrysler Corporation, is a citizen of Michigan, and in its assumed or common name, is a foreign corporation incorporated in the State of Michigan and in Stuttgart, Germany, doing business in the State of Texas and may be served with process by serving its registered agent for service of process, CT Corporation, 350 N. St. Paul Street, Dallas, Texas 75201.

## III. FACTS

15.     On or about April 11, 2011, Amanda Ashley Herrera was driving her 2006 Dodge Durango bearing VIN# 1D4HD48N46F174208, westbound on the 1400 block of W. Main Street in Jackson County, Texas. Travelling with her were her 3 minor children, S.H.H., C.H., and A.H.  Amanda Herrera was attempting a left turn into a private drive when she was struck by an oncoming vehicle. As a result of this accident minor Plaintiff S.H.H. sustained serious and debilitating injuries, including a spinal cord injury, which has resulted in her being permanently paralyzed from the waist

down. Plaintiff's paralyzing injuries were a result of certain design, marketing and manufacturing defects in the subject 2006 Dodge Durango.

## IV. CAUSES OF ACTION AGAINST DEFENDANTS, CHRYSLER, LLC, DAIMLERCHRYSLER COMPANY, LLC, AND DAIMLERCHRYSLER CORPORATION

A.  <u>Strict Product Liability</u>

16. The vehicle in question was originally designed, manufactured, sold, and/or placed into the stream of commerce by the Chrysler Defendants.

17. At the time of the sale of the vehicle in question, the Chrysler Defendants were in the business of designing, manufacturing and selling automobiles such as the vehicle in question.

18. At the time the vehicle in question was designed, manufactured, sold and/or placed into the stream of commerce by the Chrysler Defendants, the same was defective and unreasonably dangerous in its design, marketing, and manufacture.

19. These defective and unreasonably dangerous conditions were a producing cause of the accident made the basis of this suit and the permanently disabling injuries sustained by S.H. The damages (exclusive of interests and costs) sustained by the Plaintiff are in an amount far in excess of the minimum $75,000.00 jurisdictional limits of the Federal Courts.

20. Aside from normal wear and tear, the subject vehicle was in the same defective condition at the time of the accident as when it left the hands of the Chrysler Defendants.

21. The subject vehicle was expected to and in fact reached the user or consumer without substantial change in the condition in which it was sold.

22. A safer alternative design was economically and technologically feasible at the time the product left the control of the Chrysler Defendants that would have prevented or significantly reduced the risk of injury without substantially impairing the utility of the product.

B. <u>Breach of Warranty</u>

23. At all times relevant to the complaint, the Defendants were "a merchant" in the business of supplying "goods". The Dodge Durango was "goods" and/or "products" sold for consumer usage.

24. As such, the Defendants breached the warranties of merchantability and fitness for a particular purpose in that the Dodge Durango was not fit for ordinary use or for the intended use for which it was purchased.

25. These breaches of warranty proximately resulted in the accident, injuries, and damages suffered by the Plaintiffs.

C. <u>Negligence</u>

26. At all times relative to the complaint, the Defendants were in the business of supplying motor vehicles for use on the public roadways. The Defendants held themselves out as having special expertise in the industry. As such, the Defendant sowed Plaintiffs a duty to use reasonable care in the design, manufacture, preparation, testing, instructing and warnings surrounding the Dodge Durango and its components. The Defendants violated this duty by supplying a vehicle and components that were defective.

27. Defendants committed acts of omission and commission, which collectively and severally constituted negligence. The negligent acts included, but are not limited to, the following acts or omissions:

    a.    Negligently designing the vehicle from handling and stability standpoint;

    b.    Failing to adequately train and assist dealers in the dangers associated with the vehicle;

    c.    Negligently marketing the vehicle as a safe passenger vehicle;

    d.    Failing to meet or exceed Internal Corporate Guidelines;

    e.    Negligently designing the vehicle from a marketing standpoint;

    f.    Failing to comply with the standards of care applicable in the automotive industry insofar as providing reasonable roof strength in accordance with FMVSS 216 so as to provide reasonable protection in a foreseeable accident;

    g.    Failing to comply with applicable and necessary Federal Motor Vehicle Safety Standards;

    h.    Failing to notify consumers as required by law that a defect exists in the vehicle that relates to public safety;

    i.    Failing to recall the vehicle or, alternatively, retrofitting the vehicle to enhance safety;

    j.    The product was placed on the market without adequate warnings about the dangers of the product;

    k.    Failing to adequately test the product to discover the dangerous nature of the product;

    l.    Failing to take action to investigate and correct problems with the product after learning of its risk to cause serious bodily injuries; and

28.    These acts of negligence by Defendants were a proximate and producing cause of the crash, and severe injuries and damages of S.H.

29. The dangers referenced earlier were reasonably foreseeable and scientifically discoverable at the time of exposure.

## V. DAMAGES

30. As a producing and proximate result of the collision in question, S.H.H. has suffered in the past and continues to suffer from severe and permanently disabling injuries. Jesus Herrera and Amanda Herrera as next friends of their daughter seeks to recover damages on behalf of S.H.H. including the following:

    a. Medical care sustained in the past and that in reasonable probability S.H.H. will sustain in the future;

    b. Lost earning capacity sustained in the past and that in reasonable probability S.H.H. will sustain in the future;

    c. Physical pain and mental anguish damages sustained in the past and that in reasonable probability S.H.H. will sustain in the future;

    d. Disfigurement sustained in the past and that in reasonable probability S.H.H. will sustain in the future;

    e. Physical impairment sustained in the past and that in reasonable probability S.H.H. will sustain in the future.

## VI. PRE-JUDGMENT AND POST-JUDGMENT INTEREST

31. Plaintiffs seek pre-judgment and post-judgment interest as allowed by law.

## VII. JURY DEMAND

32. Plaintiffs hereby make an application for a jury trial and request that this cause be set on the Court's Jury Docket.

## PRAYER

WHEREFORE, Plaintiffs pray that Defendants be cited to appear and answer herein, that this cause be set for trial before a jury, and that Plaintiffs recover judgment of and from defendants for their actual and exemplary damages in such amount as the evidence may show and the jury may determine to be proper, together with prejudgment interest, post-judgment interest, attorneys fees, costs of suit, and such other and further relief to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

**SICO, WHITE, HOELSCHER & BRAUGH L.L.P.**

By   /s/ Brantley W. White
 Brantley W. White
 Federal ID No. 22400
 900 Frost Bank Plaza
 802 N. Carancahua
 Corpus Christi, Texas 78401
 Phone: 361/653-3300
 Fax: 361/653-3333